Timothy Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NATHAN STILLSMOKING,<br><br>  Plaintiff,<br><br>vs.<br><br>BRIAN SMAIL; JOSH GARNER; PHILIP WILBERDING; CITY OF GREAT FALLS; DEAN KOFFLER; OFFICE OF THE STATE PUBLIC DEFENDER, and DOES 1-10,<br><br>  Defendants. | Cause No. CV-21-89-GF-BMM-JTJ<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Nathan Stillsmoking demands a jury trial and alleges as follows:

## INTRODUCTION

1.    This is an action for deprivation of civil rights under color of law, and for negligence, false imprisonment, and other wrongful acts.  This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 42 USC §1983, 28 USC §1331, 28 USC §1343, and 42 USC §1988. Plaintiff also seeks redress for violations of protections afforded under the Montana Constitution.

3. Jurisdiction for state law claims against all Defendants pursuant to the laws of the State of Montana is conferred upon this Court pursuant to 28 USC §1367.

**4.** Venue in this case is proper in this district and division under 28 USC §1391 and LR 1.2 because the actions alleged occurred in Cascade County.

## THE PARTIES

5. Plaintiff Nathan Stillsmoking is a citizen of the State of Montana and is currently a resident of Great Falls, Montana.

6. At all times relevant to this Complaint, Defendants Brian Smail, Josh Garner, and Philip Wilberding were police officers employed by the City of Great Falls.

7. At all times relevant to this Complaint, Dean Koffler was an attorney employed by the State Office of the Public Defender.

8. Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein.  The true names and capacities of the Doe Defendants will be substituted as they become known.

## FACTUAL ALLEGATIONS

9. On or about May 22, 2017, Nathan Stillsmoking borrowed a broken BB gun from a friend to pull a prank on his friend James Parker.

10. On May 22, 2017, Renae Beerman, an employee of the Holiday Casino in Great Falls, called the police and asked them to inform Nathan Stillsmoking that he had been trespassed from the casino and was no longer welcome there.

11. Defendant Brian Smail and two other Great Falls police officers, Josh Garner and Philip Wilberding, went to Nathan Stillsmoking's apartment intending to inform him that he had been trespassed from the casino.

12. Nathan Stillsmoking – unaware that he had been trespassed from the casino or that police were on the way to his house – sat watching TV in his apartment and waiting to pull his prank on James Parker.

13. It was dark outside and Nathan Stillsmoking's back was to the door. The front door was open, but the screen door was shut.

14. Defendant Garner recognized Nathan Stillsmoking through the window of the apartment and told Defendant Smail, "That's Nathan Stillsmoking."

15. Nathan Stillsmoking heard someone approach the front door, and, assuming it was James Parker, stood up, grabbed the broken BB gun, spun around, aimed the broken BB gun out the door, and yelled "come get you some!"

16. James Parker was not the person outside the door, however. It was actually Defendant Smail, who had come to tell Nathan Stillsmoking that he had been trespassed from the casino.

17. Defendant Garner and Defendant Wilberding were also outside of Nathan Stillsmoking's apartment, but did not approach the door.

18. Defendant Smail yelled that there was a gun, retreated from the door, and called for backup.

19. Nathan Stillsmoking ran and hid outside of a nearby residence, where Defendant Smail found him a short time later.

20. Nathan Stillsmoking was arrested and charged with one count of assault on a peace officer, one count of obstructing justice, and one count of disorderly conduct.

21. After Nathan Stillsmoking was arrested, Defendant Wilberding searched Nathan Stillsmoking's apartment and discovered the broken BB gun Nathan Stillsmoking had pointed at Defendant Smail. The BB gun was broken and did not function.

22. The charges of obstructing justice and disorderly conduct were dismissed before trial.

23. Nathan Stillsmoking was detained prior to trial.

24. At trial, though it was uncontested that the BB gun was broken and did not function, Nathan Stillsmoking's attorney, Defendant Koffler, did not contest that Nathan Stillsmoking used a weapon during the incident.

25. The Cascade County jury found Nathan Stillsmoking guilty of one count of assault on a peace officer.

26. The district court sentenced Nathan Stillsmoking to eight years at Montana State Prison with no time suspended.

27. Nathan Stillsmoking appealed the conviction, arguing that there was insufficient evidence to convict him of assault on a peace officer because the broken BB gun was not a weapon under Montana law, that his trial counsel,

Defendant Koffler, provided ineffective assistance of counsel by conceding at trial that Nathan Stillsmoking used a weapon during the incident, and that the trial court erred by failing to clarify a question from the jury.

28. On June 16, 2020, the Montana Supreme Court vacated Nathan Stillsmoking's conviction, and ruled that use of an actual weapon is required for a conviction pursuant to MCA §45-5-210(1)(b), assault on a peace officer.

29. In 1999 in *In re RLS*, 1999 MT 34, the Montana Supreme Court had ruled that the statutory definition of "weapon" "clearly and unambiguously requires that the device at issue actually be capable of producing death or serious bodily injury."

30. The Montana Supreme Court ruled that the plain language of MCA §45-5-210(1)(b), assault on a peace officer, requires use of a "weapon." Since the broken BB gun that Nathan Stillsmoking pointed at Defendant Smail undisputedly did not function, it was not a weapon pursuant to Montana law, therefore Nathan Stillsmoking's conviction had to be vacated.

31. Because the Montana Supreme Court vacated Nathan Stillsmoking's conviction based on the use of a weapon, it did not consider Nathan Stillsmoking's arguments whether Defendant Koffler provided ineffective assistance of counsel by conceding that Nathan Stillsmoking used a weapon during the incident, and did

not consider whether the trial court erred by failing to clarify a question from the jury.

32. Nathan Stillsmoking was released from incarceration on or about June 19, 2020, after being incarcerated since on or about May 23, 2017.

33. Nathan Stillsmoking has complied with the requirements set forth in MCA §2-9-301 to present his claims to the Department of Administration by submitting a Notice of Claim to the Department of Administration. The Department of Administration's time for responding to Plaintiff's Notice of Claim has expired. The Department of Administration failed to respond to Plaintiff's Notice of Claim, constituting a denial for purposes of MCA §2-9-301.

## COUNT 1
## 42 USC § 1983
## False Arrest

34. Plaintiff hereby incorporates all prior paragraphs as though fully restated here.

35. At all relevant times, Defendants Smail, Garner, Wilberding, and individual Doe Defendants acted under the color of law, statutes, ordinances, rules, regulations, customs, policies, practices and/or usages of the State of Montana.

36. At all relevant times, Defendants Smail, Garner, Wilberding, and individual Doe Defendants acted within the course and scope of their employment and/or within the authority conferred upon them by the State of Montana.

37. While acting under the color of state law, Defendants Smail, Garner, Wilberding, and individual Doe Defendants subjected Nathan Stillsmoking to deprivation of rights, privileges, or immunities secured by the United States Constitution, namely that they, acting individually and in concert with each other, willfully and unlawfully arrested and/or caused the arrest of Nathan Stillsmoking and detained him against his will without probable cause and due and legal process in violation of the Fourth and Fourteenth Amendments.

38. Defendants Smail, Garner, Wilberding, and individual Doe Defendants acted with deliberate indifference to the substantial risk of serious harm to Nathan Stillsmoking.

39. The acts or omissions complained of in this Count directly and proximately caused or contributed to Nathan Stillsmoking's constitutional deprivations, injuries and damages. Nathan Stillsmoking suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, apprehension, and economic loss, loss of liberty, loss of privacy, loss of his familial relationships, and loss of opportunity, which caused

Nathan Stillsmoking and his family to sustain damages in a sum to be determined at trial.

## COUNT 2
## 42 USC § 1983
## Malicious Prosecution

40. Plaintiff hereby incorporates all prior paragraphs as though fully restated here.

41. At all relevant times, Defendants Smail, Garner, Wilberding, and individual Doe Defendants acted under the color of law, statutes, ordinances, rules, regulations, customs, policies, practices and/or usages of the State of Montana.

42. At all relevant times, Defendants Smail, Garner, Wilberding, and individual Doe Defendants acted within the course and scope of their employment and/or within the authority conferred upon them by the State of Montana.

43. While acting under the color of state law, Defendants Smail, Garner, Wilberding, and individual Doe Defendants acted to secure a conviction of Nathan Stillsmoking regardless of the exculpatory evidence that pointed to his innocence.

44. The underlying criminal case ultimately terminated in Nathan Stillsmoking's favor when the Montana Supreme Court vacated his conviction on June 16, 2020 because Nathan Stillsmoking had not committed any crime.

45. The acts or omissions complained of in this Count directly and proximately caused or contributed to Nathan Stillsmoking's constitutional deprivations, injuries and damages. Nathan Stillsmoking suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, apprehension, and economic loss, loss of liberty, loss of privacy, loss of his familial relationships, and loss of opportunity, which caused Nathan Stillsmoking and his family to sustain damages in a sum to be determined at trial.

## COUNT 3
## 42 USC § 1983
## Wrongful Conviction/Incarceration

46. Plaintiff hereby incorporates all prior paragraphs as though fully restated here.

47. At all relevant times, Defendants Smail, Garner, Wilberding, and individual Doe Defendants acted under the color of law, statutes, ordinances, rules, regulations, customs, policies, practices and/or usages of the State of Montana.

48. At all relevant times, Defendants Smail, Garner, Wilberding, and individual Doe Defendants acted within the course and scope of their employment and/or within the authority conferred upon them by the State of Montana.

49. While acting under the color of state law, Defendants Smail, Garner, Wilberding, and individual Doe Defendants deprived Nathan Stillsmoking to his

Fourteenth Amendment rights to a fair adjudication of his rights by failing to conduct an adequate investigation and failing to rectify the wrong inflicted by Defendants against Nathan Stillsmoking.

50. The acts or omissions complained of in this Count directly and proximately caused or contributed to Nathan Stillsmoking's constitutional deprivations, injuries and damages. Nathan Stillsmoking suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, apprehension, and economic loss, loss of liberty, loss of privacy, loss of his familial relationships, and loss of opportunity, which caused Nathan Stillsmoking and his family to sustain damages in a sum to be determined at trial.

## COUNT 4
## MONTANA CONSTITUTIONAL RIGHTS

51. Plaintiff hereby incorporates all previous paragraphs as though fully restated here.

52. Pursuant to the Montana Constitution, Nathan Stillsmoking had fundamental, inalienable, and self-executing rights to be secure in his person, papers, home and effects, free from cruel and unusual punishment, and not to be deprived of life, liberty, or property without due process of law.

53. Defendants' acts and omissions as delineated here violated Nathan Stillsmoking's Montana State constitutional rights.

Complaint and
Jury Trial Demand
Page 11

54. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Nathan Stillsmoking's constitutional deprivations, injuries, and damages and Nathan Stillsmoking is entitled to compensatory damages and attorney's fees for Defendants' violations of Nathan Stillsmoking's state constitutional rights.

## COUNT 5
## NEGLIGENCE

55. Plaintiff hereby incorporates all previous paragraphs as though fully restated here.

56. At all times pertinent to this Complaint, Defendants were subject to a duty of care under state and federal law to protect Nathan Stillsmoking's constitutional, statutory, and common law rights.

57. Defendants breached the applicable standards of care, including negligent training, supervision and discipline of their employees, negligent enactment, enforcement and violation of policies and procedures, negligent violation of Nathan Stillsmoking's constitutional, statutory and common law rights, legal malpractice, and negligent performance of official duties.

58. Defendants' conduct caused damage to Nathan Stillsmoking and his family.

## COUNT 6
## FALSE IMPRISONMENT

59. Plaintiff hereby incorporates all previous paragraphs as though fully restated herein.

60. Nathan Stillsmoking's liberty of movement and freedom to remain in the place of his own lawful choosing was violated by his wrongful conviction, causing him to be restrained against his will.

61. Because Nathan Stillsmoking's conviction was vacated, the state's restraint of him was unlawful.

62. Defendants' conduct caused damage to Nathan Stillsmoking and his family in an amount to be determined at trial.

## COUNT 7
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff hereby incorporates all previous paragraphs as though fully restated here.

64. Defendants' negligent acts and omissions described here caused Nathan Stillsmoking to suffer serious or severe emotional distress that no reasonable person would be expected to endure.

65. Any normal person in Nathan Stillsmoking's situation, having suffered wrongful conviction and incarceration, would have experienced severe emotional distress as Nathan Stillsmoking has.

66. As a direct and proximate result of Defendants' conduct, Nathan Stillsmoking suffered, and continue to suffer, serious and severe emotional distress that was a reasonably foreseeable consequence of Defendants' negligent acts and omissions, entitling Nathan Stillsmoking to damages.

## COUNT 8
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff hereby incorporates all previous paragraphs as though fully restated here.

68. Defendants' intentional acts and omissions described here caused Nathan Stillsmoking to suffer serious or severe emotional distress that no reasonable person would be expected to endure.

69. Any normal person in Nathan Stillsmoking's situation, having suffered wrongful conviction and incarceration, would have experienced severe emotional distress as Nathan Stillsmoking has.

70. As a direct and proximate result of Defendants' conduct, Nathan Stillsmoking suffered, and continue to suffer, serious and severe emotional distress that was a reasonably foreseeable consequence of Defendants' intentional acts and omissions, entitling Nathan Stillsmoking to damages.

## COUNT 9
## LOSS OF CONSORTIUM

71. Plaintiff hereby incorporates all previous paragraphs as though fully restated here.

72. Defendants' acts and omissions as described above, caused Nathan Stillsmoking to suffer serious permanent and disabling mental and physical injuries that are compensable under Montana law. The incarceration of Nathan Stillsmoking prevented him from acting as a parent to his child and seriously affected his parent-child relationship.

**WHEREFORE,** Plaintiff respectfully requests the following relief from this Court:

1. For damages in a reasonable amount to compensate Plaintiff fully for depravation of his constitutional rights.

2. For damages in a reasonable amount to compensate Plaintiff fully for the negligent and intentional acts of Defendants as alleged herein.

3. For damages in a reasonable amount to compensate Plaintiff fully for physical and mental injury, lost wages, pain and suffering, and other such compensatory damages as may be appropriate in this case;

4. For attorney fees pursuant to 42 U.S.C. §1988 and/or the Montana Constitution.

5. For reimbursement of costs and expenses of suit; and

6. For all such further relief as the Court deems fair and just.

Dated this 10th day of August, 2021.

         /s/Timothy M. Bechtold
         Bechtold Law Firm, PLLC


         Attorneys for Plaintiff



**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 9th day of August, 2021.

         /s/Timothy M. Bechtold